**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **WILLIE ZEPHERIN ET AL** | **CASE NO. 6:26-CV-01456** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CLEAR BLUE INSURANCE CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

# MEMORANDUM ORDER

Before the Court is "Plaintiffs' Motion for Reconsideration" (Doc. 34) wherein Plaintiffs move the Court to reconsider its Judgment, as amended,[1] that denied Plaintiff's motion to remand and dismissed without prejudice, Defendants, Cory Hebert and Frederick Greschner. After having reviewed the Motion and the arguments of the parties, the Court finds no basis to reconsider its Judgment that adopted the Magistrate Judge's Report and Recommendation.

"Under Rule 54(b), the district court possesses the inherent power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *Jackson v. Standard Mortg. Corp*., No. 6:18-CV-00927, 2020 WL 133550, at *2 (W.D. La. Jan. 10, 2020). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.*

Courts routinely look to the familiar Rule 59(e) considerations for guidance: a manifest error of law or fact, newly-discovered evidence, an intervening change in controlling law, or manifest injustice. *Jackson,* 2020 WL 133550, at *2. Reconsideration

[1] Doc. 31.

is an "extraordinary remedy" to be used sparingly, and it is not a vehicle for rehashing arguments or legal theories that were or could have been raised before the ruling. *Id.*; *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004). "[O]ld arguments that are reconfigured" do not support a motion for reconsideration. *Adams*, 495 F. Supp. 3d 392, 396 (citing *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316, n.18 (S.D. Tex. 1994)).

As noted by Defendants, Plaintiffs' motion does not claim any new evidence or any change in the law since the Court issued its Judgment. Additionally, the arguments Plaintiffs now make were argued to the Court in Plaintiffs' objections to the Report and Recommendation and considered by the Court.[2]

Plaintiffs then refer to a case not previously submitted to the Court, *D&J Investments of Cenla, L.L.C. v. Baker Hughes a GE Co., L.L.C.*, 52 F.4th 187 (5th Cir. 2022), but give no explanation as to why it was not submitted prior to the Judgment being issued. Be that as it may, the Court has reviewed *D&J*, and as argued by Defendants find that it does not support Plaintiffs motion to remand. The Court finds there is no manifest error of law, and as such,

**IT IS ORDRED** that Plaintiffs' Motion for Reconsideration (Doc. 34) is **DENIED.**

**THUS DONE AND SIGNED** in chambers on this 9th day of November, 2026.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

[2] See Doc. 23.